HUFFMAN *v.* MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT — INFERIOR APPLIANCES — ASSUMPTION OF RISK.
 A railroad brakeman will be held to have assumed the risks incident to the use in lanterns of an inferior quality of oil furnished by the company employing him, where it appears that the oil had made him trouble for several weeks, and that he continued to use it without complaint.

Error to Wayne; Aldrich, J., presiding. Submitted April 21, 1896. Decided May 12, 1896.

Case by William D. Huffman against the Michigan Central Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Henry Russel*, for appellant.

*William Stacey*, for appellee.

HOOKER, J. The defendant appeals from a verdict of $5,000 in an action for injuries suffered by the plaintiff by reason of his getting his arm between double dead-woods upon cars which he was coupling. It was in the evening, and the testimony shows that in coupling such cars, with which he was familiar, it was necessary to reach under the deadwood, to enter the link. This he did, and the cars came together. He stated that the slack in the stationary cars permitted a rebound, and that, when the cars came together again, his arm was caught between the deadwoods, and crushed.

The case went to the jury upon the claim that the defendant was negligent in furnishing an inferior grade of oil for the lantern, which plaintiff testified grew dim at the time that he was hurt, rendering it difficult to see. The undisputed testimony shows that the company had investigated the subject of the oil, of which, some weeks before, there had been complaint; and, were the question of fact for us, we should be obliged to find that no negligence was shown, and we think that there is little excuse for a verdict based upon the evidence of negligence contained in this record, as it seems to us to be a palpable disregard of the rule that requires the plaintiff to establish his case by a preponderance of proof.

But, aside from this, the testimony conclusively shows that the plaintiff was familiar with this oil, which he says had made him much trouble for the period of two months, yet he continued to use it without complaint. It is obvious that he had a better opportunity for knowing the character of the oil than the company had, and, upon his own theory, was much more negligent than the company was. We have often held that an employé assumes the risks incident to the use of poor machinery and materials, where he knows their quality, and this case seems to fall within that rule.

The judgment will be reversed, and, as it is apparent from the plaintiff's own testimony that he has no cause of action, no new trial will be ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.